<div style="text-align: right">ALBANY,<br>October, 1824.<br><br>Knickerbacker<br>v.<br>Shipherd.</div>

*Rule accordingly.*

## KNICKERBACKER *against* SHIPHERD.

A *fi. fa.* was issued, in this cause, to *John Doty*, Esq. late Sheriff of the county of *Washington*, about the 1*st September*, 1820, directing him to collect $1273,64, with interest from 7*th May*, 1819. *Doty* then had in his hands several writs of *fi. fa.* against the defendant, in favour of different plaintiffs, which were arranged and paid; but the Sheriff claimed fees upon them to $31,51. The defendant had personal property to the value of 2 or $300, which was levied upon about the 1*st* of *June*, 1822, by virtue of several Justice's executions, and sold about the 27*th July* following. In *August*, 1821, preceding, and at two different times afterwards, before the 1*st April*, 1822, the plaintiff in this cause directed the Sheriff to stay proceedings on the *fi. fa.* on condition that the defendant paid the interest, which, however, was not done; but the Sheriff contended that the plaintiff had lost his lien by these several delays. In 1822, the plaintiff directed the defendant's property to be advertised and sold on his execution, in consequence of which the Sheriff

<div style="float: right; width: 30%">The sheriff sells lands on execution in favour of *K*, against *S*, having, at the same time, some executions on older, and some on younger judgments, against the same defendant, which are paid, excepting the fees. He may retain his fees upon those executions which are on judgments older than *K*'s, but not so as to those which are younger.</div>

ALBANY,
October, 1824.

Knickerbacker
v.
Shipherd.

advertised the real estate of the defendant for sale, on several executions, being the plaintiff's and the several executions first above referred to. The real estate was sold about the 15th September, 1822, and purchased by the plaintiff, for less than the amount due on his *fi. fa.* from which the Sheriff claimed to deduct $22, for fees on this, and $31,51, for fees on the other executions, which were satisfied when this was delivered. $7,24 of the $31,51, were thus claimed on two judgments docketed subsequent to this, as the parties supposed, though it was agreed that this might be corrected by the docket.

*J. Bloore,* for the plaintiff.

*J. Billings & J. Willard,* for the Sheriff, cited *Hildreth* v. *Ellice,* (1 *Caines' Rep.* 192.)

*Curia.* The Sheriff may retain on the elder judgments, but not on those which are younger than the plaintiffs. Payment of the debts did not pay the fees; and unless the Sheriff is allowed to retain upon the elder, the consequence would be that the plaintiffs in those executions must pay the fees out of their own pockets; while sufficient property remains for that purpose.

The Sheriff is liable to refund $7,24, unless the two judgments supposed to be docketed subsequent to *Knickerbacker's,* shall appear, by the docket, to be earlier.

Rule accordingly.