JONES

*vs.*

MOORE and WIFE and the UNITED STATES OF AMERICA.(*a*)

---

A mere offer to pay off a judgment, made by a person who is ready to purchase the property, is not a sufficient tender to the judgment creditor to vary the running of interest.

Although custom-house bonds lay over and judgments are obtained upon them, yet the debtor is entitled in equity to a set off upon debentures connected with such bonds from the time they are due and the interest is only to run from that period upon the balance of the bonds.

---

*May 27,*
*1833.*

*Tender. Set off.*
*Debenture cer-*
*tificates.*

A bill for foreclosure and sale had been filed; a decree had; and a surplus fund of eight thousand nine hundred and thirty-four dollars and forty-six cents remained in court. By an order afterwards entered, Master Emmet was directed to ascertain and report the amount due to the United States or to any person or persons by way of lien on such money and the priority of the same; and, by a further order, the master was directed, if applied to by any party for that purpose, to make a special report of all the matters properly before him and of the evidence.

The United States claimed as judgment creditors upon ten judgments recovered on ten bonds given by the mortgagor John Moore and Joseph Wood to the collector of the customs for the district of New York, to secure the payment of duties arising on certain goods entered and imported by the said Joseph Wood; and upon which executions had issued; and advertisements of sale were made out: but these writs were countermanded upon the filing of the present bill such counter-

---

(*a*)   And see the next case.

mand having proceeded from and being part of an arrangement made by the complainant to pay these judgments out of such surplus funds as might arise from a sale under the foreclosure and the same having been complied with on the part of the district attorney with a view to save expense to Mr. Moore.

The costs upon the respective judgments had been paid by the defendant John Moore.

The marshall claimed to have a lien for his fees and poundage : notwithstanding the countermand.

It was also insisted upon before the master (and testimony was taken upon this point) that a tender of payment of the judgments had been made on the ninth day of March one thousand eight hundred and thirty-two, and, therefore, no interest should be allowed after that time.   The nature of the tender will sufficiently appear in the opinion of the court.

The defendant John Moore claimed credits to the amount of two debenture certificates held by him under assignment from the defendant Joseph Wood, and which certificates were for drawback on a portion of the goods on account whereof the bonds had been given.

The master reported in favor of the judgments recovered by the United States, less the costs ; against the tender; in favor of the marshall's claim for fees and poundage ; and disallowed the set-off of the debenture certificates.   He gave the following reasons : " I do further report, that I have allowed the " costs and poundage of the marshall on the said judgments as " taxed and which are hereunto annexed and to which I refer. " I am of opinion, that whatever claim legally grows out of the " judgments or the collecting of the same must be a lien on the " land on which the levy was made ; and that the countermand " issued on the executions in these cases after the lands had " been advertised, should not be considered as a waiver of " said lien.   That said countermand proceeded from and was " part of the arrangement made by the complainant to pay " these judgments out of the surplus funds arising from the sale " made under the foreclosure ; and was complied with on the " part of the district attorney with a view to save ex- " pense to Mr. Moore, but not to incur personal responsibility

80

1833.

JONES
v.
MOORE.

" to the marshall. I do also consider, that from the time a
" personal claim arises against the attorney, by reason of the
" levy, the fees and poundage become costs in the suit as much
" so as those incurred previous to the judgment and as such
" can be collected by the attorney.

" I do further report, that I am of opinion the two debenture
" certificates held by the said John Moore, amounting together
" to the sum of one hundred and ninety-two dollars, cannot le-
" gally be used by him as an off-set to the amount due on said
" judgment. By the act of Congress, to regulate the collection
" of duties on imports and tonnage, passed seventeen hundred
" and ninety-nine, section 89, said debentures are made payable
" out of the product of the duties arising on the importation of
" the goods exported ; and in said section it is expressly provi-
" ded, that in no case of an exportation of goods shall a draw-
" back be paid until the duties on the importation thereof shall
" have been first received. The same proviso is also insert-
" ed in the debenture certificates, so that, in fact, no liability as
" yet exists against the said United States, said certificates not
" being due. I have, therefore, not given credit for the amount
" of said debenture certificates to the said John Moore."

The following exceptions were taken to this report by the
defendant Moore.

" *First exception.* For that the said master hath, in and by
" his said report, certified and reported, that there was due to
" the defendants, the United States of America, for principal
" and interest on the day of the date of the said report the sum
" of nine thousand seven hundred and six dollars and fifty-seven
" cents and ; that he disallowed the drawbacks insisted on by the
" said defendant John Moore, being of the two amounts of
" eighty-six dollars and of one hundred and six dollars, the first
" of such amounts being disallowed as in reduction of the sum
" of one thousand four hundred and sixteen dollars part of the
" amount due to the said United States of America on the sev-
" enteenth day of February in the year eighteen hundred
" and twenty-six and the second of such amounts being disal-
" lowed in reduction of the amount of two hundred and eighty-

" five dollars due to the said United States of America on the
" eighth day of June of that year : whereas, the said master
" ought to have allowed said two sums in reduction of said two
" amounts as of the days above specified and ought to have so
" reported the same."

" *Second exception.* For that the said master hath, in and
" by his said report, reported and certified, that he had allowed
" the several amounts of poundage and marshall's fees upon the
" several writs of execution against the defendant John Moore
" and Joseph Wood in the schedules annexed to said report
" mentioned, enumerated and contained, returned counter-
" manded, previously to the decree for sale in the above cause :
" whereas, the said master ought not to have allowed and re-
" ported said poundage or fees, or, if any portion thereof were
" allowed and reported, he should have allowed and reported,
" so far as relates to the poundage, one half only of the sum
" so allowed and reported for poundage."

" *Third exception.* For that the said master, in and by the
" said report and schedule, hath computed, allowed and report,
" ed interest to the said the United States of America on the
" amounts of their several judgments or debts accruing subse-
" quently to the ninth day of March in the year of our Lord
" one thousand eight hundred and thirty-two ; whereas, the
" said master should not have allowed, computed or reported
" any interest due to the said the United States of America
" accruing subsequently to said last mentioned day.

" *Fourth exception.* For that the said master hath, in and
" by the said report stated, and set forth, that the said defen-
" dant John Moore claimed the allowance of the amounts of
" drawbacks mentioned in the debenture certificates by way
" of set-off as founded in the 'said debenture' certificates :
" whereas, the said master should have stated and certified
" such claim to have been for the amounts of drawbacks them-
" selves by way of reduction of the two amounts in the first
" exception above specified, of which drawback or reduction
" the said debenture certificates were the evidence."

" *Fifth exception.* For that the said master has, in and by

" his said report, stated and set forth that the said defendant
" John Moore objected to the claims for poundage and mar-
" shall's fees, only because the same were not a lien on the
" mortgaged premises : whereas, the said master should have
" stated and certified, that the said John Moore objected to the
" allowance of such claims, because they were no lien—and
" also, because he had no notice of the taxation of the amounts
" of such fees and poundage and because such poundage was
" claimed to the full amount as upon a levy and sale, whereas,
" if any poundage were lawful, half poundage was only lawful
" in the premises."

Mr. *C. F. Grim*, in support of the exceptions,

Mr. *John A. Dunlap*, for the United States.

THE VICE-CHANCELLOR. The proposition to pay off the
judgment was not sufficient to stop the interest. It was not
the money of the defendant Moore which was offered ; and,
again, there was no tender. It was only offered by the witness
Stevenson, who had agreed to purchase the property, provided
he could get satisfaction-pieces and a clear title ; and in this
he was discouraged by his counsel. Mr. Moore had it not in
his power to pay the money ; and he could not control Stev-
enson. The course which Mr. Moore ought to have pursued,
provided he wanted to make the matter binding, would have
been, a procuring and tender of the money. In case it had
been accepted, he could have applied to the court in which
the judgments were obtained and compelled an entry of satis-
faction ; and, provided the amount had not been received, then
he might have applied to the same court for leave to pay it in
and have satisfaction entered : *Jackson* v. *Law*, 5 *Cow.* 248.
The defendent Moore was put to the necessity of suffering the
mortgage to be foreclosed—not so much on account of the
difficulties thrown in his way by the collector or district at-
torney, as by Mr. Stevenson's declining, under the advice of
his counsel, to go on and complete his purchase. The master
is, therefore, correct in charging interest to the present time.

With regard to the marshall's poundage and fees on the executions countermanded. The circumstances show, I think, that he is entitled to them. There is no conduct of his which should bar him. The countermand was made by the district attorney ; but, then, it took place as an accommodation to the defendant Moore—and the marshall has had the amount which he claims liquidated and settled upon a taxation.

There is no doubt the marshall has acquired a right to be paid by the district attorney : but the question here is, whether he has a right to have the amount paid out of the proceeds ? Poundage and officers fees upon an execution become as much charges on the lands as do the debt and cost of suit. The district attorney was not bound to countermand the writs of *fieri facias*, until, amongst other things, these charges of the marshall had been satisfied ; and if the property levied upon had been sold, the amount would have been retained. The principle which is to be found in the case of *Knickerbacker* v. *Shepherd*, 3 *Cow.* 383, applies. I think, in equity, there is a lien upon the fund for the amount. The master is right in allowing it.

And now as to ɩ  suggested drawback arising upon the debenture certificates. These had relation to two of the bonds on which the judgments were obtained. All debentures " are " payable at the same time or times respectively on which the " duties on the goods, wares and merchandize shall become " due ;" and it is declared to be the duty of the collector " to " discharge such debentures out of the product of the duties " arising on the importation of the goods exported." The law then provides, " that in no case of an exportation of goods shall " a drawback be paid, until the duties on the importation there- " of shall have been first received."

And debentures are made negotiable by endorsement : *Act of March*, 2, 1799, § 80, 1 *Story's Laws*, 579.

The question now is, whether the debentures are to be applied as a part extinguishment of the principal of the two bonds and thus lessen the interest which the master has allowed? or, whether, after the full payment of principal and interest,

the holder is to receive merely the face of the debentures out of the amount so paid in? The master has adopted the latter construction; and, I think, erroneously.

The object of the proviso is to protect the government against paying the drawback before the bond is paid. This is a necessary provision, especially since, for the convenience of the merchant, the debenture certificates are made negotiable. When the bond becomes payable, there is no doubt the debenture would be received in part payment, or, at least, be satisfied simultaneously with the paying of the bond. And even supposing a delay in payment of the latter, yet government will lose nothing to which they are entitled by permitting a debenture to be applied to the principal sum *pro tanto* and by being allowed interest only on the balance. In other words, treating the debenture as an extinguishment of so much of the principal of the bond where the obligor or his surety happens to hold it. No injustice is, thus, done to the government. They receive all they are equitably entitled to; while, at the same time, they have every protection which the act of congress was intended to furnish.

There is nothing in the words of the act to prevent this court from considering the drawback as an extinguishment of so much of the debt. The principle of it is a relinquishment of a portion of the duties which accrued upon the importation by the exportation of the goods. I am satisfied this is the true view of the question; and that the master has erred. His report must be corrected by deducting the amount of the two debentures from the principal of the respective bonds, and interest is to be computed only on the balance, from the time the bonds become due.